Our final case for the morning is United States v. Campbell. Mr. Beal. May it please the court and counsel, I detect I have an uphill battle here. Well, it is another armor case, isn't it? Well, actually, I would submit it's not. I would submit that armor dealt with the force element, and I'm raising the intent element, which I submit is a separate issue that is not controlled by armor. You know, we know from Carter that bank robbery has a mandatory of general intent, not negligence, but knowledge. In other words, you have to know you're robbing a bank. Well, yes, and the question is, what else do you have to know? And I would submit that bank robbery by intimidation means you have to intend to intimidate the teller. That's the word of the statute. And so you accept my question, which your predecessor rejected. You accept the implication of your position that you're saying that in order to get a conviction under 2113A, you have to show intent to intimidate. Well, either that or 2113A is invalid. No, Your Honor. So you're denying it, too. No, no. Hold on, Judge. Hold on. Let's look at the text of 2113A, which is whoever, comma, by force and violence, comma, or by intimidation, comma. The force and violence covers the sort of armor aspect. And when the government resorts to the by intimidation, they bring into play the mens rea required for intimidation. Because we know from the case law the defendant doesn't have to intend to intimidate the teller, and we know the teller doesn't have to be intimidated. It has to be conduct that could cause a reasonable person to be intimidated, and then the jury makes its intentional conduct that could cause a person to be intimidated. Well, I would submit that under the wording, under two things. Number one, the wording of the statute, since the statute uses intimidate, the defendant has to intend to intimidate. And then the second part of this is the Smith and Woods, we're dealing here with the career offender guideline, and the Smith and Woods language that says it requires purposeful conduct. And bank robbery is a crime of general intent, and general intent is not purposeful under the case law, as I've said out in the briefs. So I think that we essentially have, I don't know if I'd call it an exception, but we have a, where you're dealing with intimidation, you have a different dynamic with respect to the mens rea requirement. And that's consistent with the language controlling the career offender guideline in Smith and Woods. You put those together, and after all, we have a situation where Mr. Campbell robbed the bank by shoplifting a squirt gun and bringing it and pointing it to tellers who knew it wasn't a real gun. That's in the record. And as Mr. Eberhard noted, and I cite the training course for tellers in my brief, tellers don't have to feel intimidated to give money out. They're just, whenever they're confronted by someone they perceive to be a robber, they're supposed to give them the money. So my submission is that there is a mens rea to apply the career, not to convict for the bank robbery, but to apply the career offender to a bank robbery. You have to have specific intent in the bank robbery conviction. And you don't have that here. And where in 924C3A is that intent element found? Excuse me, Judge? Where in the statute is the intent element found? Well, the intent there. The intent requirement. We're in the guideline. I'm sorry. Well, which parrots, exactly, which parrots the statute? This is the guidelines. Yours is the guidelines case. The last one is the statutory case. There's a general, I'm sorry, there's a general presumption, you know, of mens rea, and we know from Carter that bank robbery has a general intent. I understand. I'm asking where in the text of the guideline or the ACCA elements clause is there an explicit or even an implicit? There's not an explicit mens rea. Why is it necessarily implicit in the language the crime has as an element to use, attempted use, or threatened use of physical force? Well, because the reason that the court should find a mens rea requirement is because in cases like Smith and Woods, this court has said that the career offender should only be applied where we have serious violent conduct, which would be the equivalent of the force and violence prong of 2113, not the intimidation prong of 2113, and the court should read in a mens rea requirement of intentional conduct, and the intentional conduct should be with respect to the intimidation and intent to intimidate. That's the part of the statute the court is relying on. They chose not to go, not to have to prove force and violence for a mentally ill defendant with a squirt gun. So I am asking the court to read in under the various case law that I cite in my brief to read in a mens rea requirement of intentional conduct to apply the career offender guideline in bank robbery by intimidation. So that's the essence of my argument. Thank you, Mr. Dale. Ms. Kostanek. Yes, may it please the court, Andrea Kostanek on behalf of the United States. There is no basis to read into the career offender guideline a mens rea requirement. It is neither explicitly or implicitly required by the language of that statute or the case law interpreting it. The defendant seems to be challenging the case law. Have you, by the way, relied on the residual clause of the career offender guideline? We now know from Beckles that that clause is fine. Yes, Your Honor, it is fine. This case, however, did not involve a reliance on the residual clause given the time frame of when it was decided, which was pre-Beckles. So it was decided below on the grounds of it satisfying the elements clause of the career offender guideline. If there are no questions from the panel, I would ask that the court affirm the district court's judgment. Okay. Thank you very much. Anything further, Mr. Beagle? I think I would just repeat myself. Okay. Well, Mr. Beagle, we appreciate your willingness to accept the appointment and your assistance to the court as well as your client. The case is taken under advisement and the court will be in recess.